UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MATTHEW LUGAR,

                Plaintiff,

   -against-

ROUND HILL MUSIC LLC,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/31/2025_

24 Civ. 8896 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      The Court is in receipt of the parties' letters dated January 28 and January 31, 2025. ECF Nos. 16–18. Defendant seeks leave to file a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. ECF No. 16. According to Defendant, Plaintiff's complaint, which alleges breach of contract, "grossly misrepresents the relevant events" and demonstrates that Plaintiff's counsel failed to conduct a reasonable inquiry into whether Plaintiff's allegations have evidentiary support, as required by Rule 11. ECF No. 16 at 2–3; *see also* ECF No. 4. In support of this contention, Defendant attaches several emails between Plaintiff and Defendant's CEO, Josh Gruss. *See* ECF Nos. 16-2 to -4. Writing in opposition, counsel for Plaintiff asserts both that he made a reasonable inquiry into the complaint's allegations before filing it and that the emails Defendant relies on do not suggest otherwise. ECF No. 17.

      Rule III.A.i of the Court's Individual Practices in Civil Cases explains that a pre-motion letter is not required for a motion for sanctions. Accordingly, Defendant may file its motion whenever it so chooses. Then, pursuant to Local Rule 6.1(b), Plaintiff will have fourteen days to file its opposition, and Defendant will have seven days to file its reply, if any. Should Defendant wish to file a motion to dismiss, as it indicates in its letter, ECF No. 16 at 4 n.1, the Court will set a briefing schedule once it receives Defendant's pre-motion letter and Plaintiff's opposition. *See also* ECF No. 18.

      The Court notes that, having reviewed Defendant's letter and the attached exhibits, the Court is not, at this point, inclined to impose sanctions on Plaintiff's counsel, as it agrees with Plaintiff that the emails in question "do not conclusively establish that the basic allegations in the [c]omplaint are false, much less that they are sanctionable under Rule 11." ECF No. 17 at 2. The Court will, of course, consider any arguments and evidence that Defendant sees fit to put forward in its motion for sanctions, to the extent it still believes such a motion is appropriate.

      SO ORDERED.

Dated: January 31, 2025
       New York, New York

                                               ANALISA TORRES
                                         United States District Judge